IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MARIA L. GONZALEZ ) | Case No. 1:18-cv-00890 |
| ) | |
| Plaintiff, ) | JUDGE SOLOMON OLIVER, JR. |
| ) | |
| v. ) | MAGISTRATE JUDGE |
| ) | THOMAS M. PARKER |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | **REPORT AND RECOMMENDATION** |
| ) | |

**I.  Introduction**

Plaintiff, Maria L. Gonzalez ("Plaintiff"), filed a complaint challenging the final decision of the Commissioner of Social Security ("Commissioner"), denying her application for benefits under the Social Security Act, 42 U.S.C. §§ 423 *et seq*.  The court has jurisdiction pursuant to 42 U.S.C. § 405(g).  This case is before me pursuant to an automatic referral under Local Rule 72.2(b) for a Report and Recommendation.  Plaintiff has requested leave to proceed *in forma pauperis* ("IFP") in this matter.  I recommend that Plaintiff's IFP application be DENIED.

**I.  Relevant Background Information**

On April 18, 2018, Plaintiff filed a complaint, ECF Doc. 1, and a motion to proceed *in forma pauperis*.  *See* ECF Doc. 3.  Plaintiff's affidavit supporting her IFP application states that her spouse receives $6,000 in monthly income.  *See* ECF Doc. 3, Page ID# 21.  She represents that she contributes $1,000 per month to support her adult son.  *See id*. at 22.  She represents that she has zero personal monthly expenses and that her spouse's average monthly expenses are

$3888. *See id*. Plaintiff represents that she has a son in college who "has the opportunity of a lifetime to do a [*sic*] internship in LA this summer for college," but that it is "hard to save money to send him." *See id*. at 23. Plaintiff also represents that she and her spouse own a home, have four vehicles, and incur normal monthly expenses, including expenses for home mortgage, utilities, food, clothing, medical and dental expenses, recreation and entertainment, insurance, and various installment payments. *See id*. at 22-23. After these expenses are deducted, Plaintiff's household appears to have an approximate monthly surplus of over $1,100. Plaintiff and her spouse also have over $1,300 in cash and in their checking and savings bank accounts. *See id*. at 21. Thus, Plaintiff and her spouse should have enough financial resources to cover the cost of the filing fee in this case.

**II. Law & Analysis**

Pursuant to 28 U.S.C. § 1915, the court "may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefore. *See* 28 U.S.C. § 1915(a)(1). The Sixth Circuit has recognized that "pauper status does not require absolute destitution." *Foster v. Cuyahoga Dep't of Health & Human Servs.,* 21 F. App'x 239, 240 (6th Cir. 2001) (citing *Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.,* 865 F.2d 22, 23 (2nd Cir. 1988)). Rather, the relevant question is "whether the court costs can be paid without undue hardship." *Id.*

In addition to considering an individual IFP applicant's monthly income, federal courts have consistently considered "his or her other financial resources, including resources that could be made available from the applicant's spouse or other family members," as well as equity in

real estate and automobiles. *Helland v. St. Mary's Duluth Clinic Health Sys.,* No. 10-31, 2010 WL 502781, *1, n. 1 (D. Minn. Feb. 5, 2010); *Behmlander v. Comm'r of Soc. Sec.,* No. 12-CV-14424, 2012 WL 5457466, *2, (E.D. Mich. Oct. 16, 2012); *see also*, *Reynolds v. Crawford,* No. 1:01-cv-877, 2009 WL 3908911, *1 (S.D. Ohio Nov. 17, 2009) It is within the court's discretion whether to allow a litigant to proceed IFP. *Foster,* 21 Fed. Appx. at 240.

Here, Plaintiff's application reflects that her spouse receives enough monthly income to cover the couples' basic expenses and to provide support for their adult son, and that over $1,100 remains for other discretionary monthly expenses. *See* ECF Doc. 3. It does not appear that Plaintiff is unable to pay the filing fee in this case. Rather, it appears that this is a case in which Plaintiff must "weigh the financial constraints posed by pursuing [plaintiff's] complaint against the merits of [plaintiff's] claims." *Behmlander,* 2012 WL 5457466 at *2. Based on the foregoing reasons, the undersigned finds that Plaintiff is not eligible to proceed IFP and recommends that the court DENY Plaintiff's application and require her to pay the filing fee.

Dated: April 20, 2018

Thomas M. Parker
United States Magistrate Judge

---

**OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document. Failure to file objections within the specified time may waive the right to appeal the District Court's order. See *U.S. v. Walters*, 638 F.2d 947 (6th Cir. 1981). See also *Thomas v. Arn,* 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986).