UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MARIA GONZALEZ, | ) | Case No.: 1:18 CV 890 |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| COMMISSIONER OF | ) | |
| SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant | ) | ORDER |

## I. INTRODUCTION

The Commissioner of Social Security Administration ("Commissioner") denied disability benefits to Plaintiff Maria Gonzalez ("Plaintiff" or "Gonzalez"), in the above-captioned case. Plaintiff sought judicial review of the Commissioner's decision, and this court referred the case to Magistrate Judge Thomas M. Parker ("Magistrate Judge" or "Judge Parker") for preparation of a Report and Recommendation ("R & R"). Both parties submitted briefs on the merits. (*See* ECF Nos. 16, 19, and 20.) Plaintiff argued that the Administrative Law Judge ("ALJ") committed reversible error, because he inadequately explained why he rejected two medical source opinions that conflicted with the ALJ's residual functional capacity ("RFC") assessment.

Judge Parker submitted his R & R (ECF No. 21) on March 19, 2019, recommending that the court affirm the Commissioner's final decision. Plaintiff filed Objections (ECF No. 22) to the R &

R on April 2, 2019. The Commissioner responded to Plaintiff's Objections (ECF No. 23 on April 16, 2019). For the following reasons, the court adopts Judge Parker's R & R, and affirms the Commissioner's final decision.

## II. ANALYSIS

Plaintiff contests Judge Parker's finding that the ALJ sufficiently explained the conflict between the ALJ's RFC assessment and the opinions of two medical sources, Dr. Haskins and Dr. Zeune. In her Objections to the R & R, Plaintiff argues that, because the ALJ gave Dr. Haskins's and Dr. Zeune's opinions "great weight," he was required to explain why he rejected the doctors' conclusion that she was capable of "occasional interaction" with others. (Pl. Objection at 1.) Dr. Haskins and Dr. Zeune both concluded that Plaintiff could "occasionally and superficially interact with others." (Tr. at 340, 356.) However, the ALJ's RFC assessment concluded that Plaintiff could "frequently interact with coworkers and supervisors." (Tr. at 260.) The ALJ did not explicitly address why he chose "frequent" interaction with supervisors and coworkers, over "occasional" interaction as opined by Dr. Haskins and Dr. Zeune. Judge Parker explained that, "[a]lthough the ALJ did not package his explanation in a single, discrete paragraph, his discussion was sufficiently specific for a subsequent reviewer to understand that he rejected Dr. Haskins' and Dr. Zeune's interaction limitation because other evidence in the record did 'not reflect such severe psychologically related impairments.'" (R&R at 21.) The court agrees.

When determining a claimant's RFC, the ALJ evaluates several factors, including the medical evidence (not limited to medical opinion testimony), and the claimant's testimony. *Webb v. Comm'r of Soc. Sec.*, 368 F.3d 629, 633 (6th Cir. 2004). The Social Security regulation explains that, although opinions from medical sources can be used when determining issues such as residual

functional capacity, the final responsibility for deciding a claimant's RFC "is reserved to the Commissioner." 20 C.F.R. § 404.1527(d)(2). However, if an ALJ's RFC assessment contradicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted. *Fleischer v. Astrue*, 774 F. Supp. 2d 875, 881 (N.D. Ohio 2011) (citing SSR 96–8p, 1996 WL 374184, at *7).

In his written decision, the ALJ succinctly discussed the findings of a number of medical sources. (*See* Tr. at 254–71; ECF No. 13.) In a short paragraph, the ALJ explained that he gave "great weight to the non-examining opinions of the State agency medical consultants [(Dr. Haskins and Dr. Zeune)] because they are trained in evaluating Social Security disability claims." (Tr. at 266) The ALJ acknowledged that Dr. Haskins' and Dr. Zeune's opinions provided "a comprehensive and longitudinal picture of the claimant's mental symptoms and resulting function limitations." (*Id*.) However, in the very next sentence, the ALJ stated: "Nevertheless, the totality of evidence does not reflect such severe psychologically related impairments to preclude the claimant from basic, unskilled work activities." (*Id*.)

The gravamen of Plaintiff's argument is that, because the ALJ gave Dr. Haskins' and Dr. Zeune's opinions "great weight," he was required to give more than a *totality of circumstances* explanation in his RFC assessment. (*See generally*, Pl. Objections at 3.) But, as the Magistrate Judge explained, "the ALJ need not incorporate his explanation into a single, tidy paragraph, so long as his discussion as a whole is sufficiently specific enough for a subsequent reviewer to understand his reasons for crediting one opinion over another." (R&R at 21) (citing *Buckhanon ex rel. J.H. v. Astrue*, 368 F. App'x 674, 678 (7th Cir. 2010)). Furthermore, if an ALJ does not technically meet the procedural requirements but his reasoning behind his use of each medical opinion is clear, then

his oversight is harmless error. *See Hickey-Haynes v. Barnhart*, 116 F. App'x 718, 726 (6th Cir. 2004) ("Even assuming, for the sake of argument, that the ALJ did not technically meet the procedural requirement to give 'good reasons,' this was harmless error; the reasoning behind her use of each physician's opinion is clear[]").

As mentioned above, the ALJ thoroughly discussed the opinions of all of the medical sources and the testimony of Plaintiff. Specifically, the ALJ discussed that several of the examining medical sources found that Plaintiff demonstrated normal interactive behavior, and that the Plaintiff reported that she had no issues interacting with family, friends, neighbors, and others. (Tr. at 259, referring to report at Tr. 460.) In reaching his RFC determination, the ALJ explained that, notwithstanding Dr. Haskins' and Dr. Zeune's limitation determinations, the "totality of evidence [did] not reflect such severe psychologically related impairments." (Tr. at 266.) To a subsequent reviewer, it is clear that the ALJ balanced the findings of the other medical sources and Plaintiff's testimony, with the conclusions of Dr. Haskins and Dr. Zeune. He ultimately concluded that the *totality of the evidence* outweighed Dr. Haskins' and Dr. Zeune's opinions. Accordingly, the court concludes that the ALJ sufficiently explained why he did not adopt their opinions. In the alternative, "[e]ven assuming, for the sake of argument, that the ALJ did not technically meet the procedural requirement to ['explain why the opinion was not adopted'], this was harmless error; the reasoning behind [his] use of each [medical] opinion is clear." *Hickey-Haynes*, 116 F. App'x at 725 (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 548 (6th Cir. 2004)).

### III. CONCLUSION

Accordingly, the court finds, after careful *de novo* review of the Magistrate Judge's R & R and all other relevant documents in the record, that Judge Parker's conclusions are fully supported

by the record and controlling case law. Therefore, the court adopts as its own the Magistrate Judge's R & R (ECF No. 21). The court hereby affirms the Commissioner's final decision.

IT IS SO ORDERED.

/s/ *SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

April 22, 2019